UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| WINDMERE INVESTORS INC., | |
|     Plaintiff, | |
| v. | Civ. Action No. 06-2265 (KSH) |
| UNITED STATES POSTAL SERVICE, | |
|     Defendant | **OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

## I. Introduction

Windmere Investors, L.P. ("Windmere") filed this action against the United States Postal Service (the "USPS") on May 18, 2006. The complaint contains four counts that allege, in order, breach of contract, implied indemnification, contribution, and indemnification. The United States, on behalf of the USPS, has now brought this motion to dismiss.

## II. Background

The USPS leases commercial property from Windmere in Kearny, New Jersey. (Compl. ¶¶ 4, 5.) Pedro Cabrera ("Cabrera"), an employee of the USPS, filed a complaint against Windmere alleging that he was injured when he slipped on snow or ice that had accumulated on the Kearny property. (Compl. ¶¶ 6, 7.) The USPS was in exclusive possession of the Kearny property at the time of Cabrera's injury. (Compl. ¶ 10.) Cabrera has sued Windmere in New

1

Jersey state court for damages related to his injuries. In its opposition to this motion, Windmere indicates that because it could not implead the USPS in the state proceeding, it filed this action, seeking contribution and indemnity. (Plaintiff's Brief 7.)

### III. Standard

The USPS brought this motion dismiss under Federal Rules of Civil Procedure 12 (b)(1) and 12 (b)(6). Pursuant to Rule 12 (b)(1), the Court may dismiss a complaint for a lack of jurisdiction over the subject matter of the dispute. The plaintiff has the burden of proving that jurisdiction exists. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In addition, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. Pursuant to Rule 12(b)(6) the Court may dismiss a complaint for failure to state a claim upon which relief may be granted if "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." Maio v. Aetna, Inc., 221 F.3d 472, 481 (3d Cir. 2000).

### IV. Discussion

The principal argument asserted by the USPS is that Windmere's claims are barred under the Federal Employees' Compensation Act ("FECA"), which provides an exclusive remedy against the United States for federal employees who are injured on the job, 5 U.S.C. § 8101 et seq., and precludes federal employees from instituting a civil action for damages against the United States for job related injuries. 5 U.S.C. § 8116(c)("the exclusivity provision"). Extrapolating, the USPS argues that Windmere's "third-party tort actions" should be dismissed

because "FECA precludes tort liability against the United States." (Defendant's Brief 1.)

Addressing the reach of FECA, that statute does not bar this lawsuit as a matter of law, and plaintiff correctly points this out. (Plaintiff's Brief 4.) Under certain circumstances, a third party like Windmere may bring suit against the United States. Lockheed Aircraft Corp. v. United States, 460 U.S. 190 (1983). But "while FECA's exclusivity provision does not directly bar a third party action, it may do so *indirectly*, depending on the underlying substantive law." In re McAllister Towing and Transp. Co., 2004 WL 2009330, *6 (E.D.P.A., 2004), aff'd 432 F.3d 216 (3d Cir. 2005), cert. denied 547 US. 1113 (2006). When, as in this case, FECA immunizes the United States from liability to an injured employee, a third party cannot bring a tort-based action against the United States for the underlying injury. See In re McAllister Towing and Transp. Co., Inc., 432 F.3d 216, 226 (3d Cir. 2005).

Significantly, the exclusivity provision does not bar third party claims if there is a relationship between the third party and the United States that is independent of the tortious event -- such as a contractual obligation. Travelers Ins. Co. v. U.S. 493 F.2d 881, 886 (3d Cir. 1974). Facially, Windmere's claims, other than the third count[1], assert breach of contract, indemnity and implied indemnity, and arise out of the contractual relationship between Windmere and the USPS. Windmere is alleging that the USPS breached a provision of the lease that required it to keep the "premises in good repair and tenantable condition," when it failed to remove snow or ice from the Kearny property. (Compl. ¶¶ 11, 12.) These allegations, which are based on a contractual obligation, are not barred by the exclusivity provision of FECA.

---

[1] Respecting the third count, Windmere concedes that "there is no cause of action in this case against the USPS under the New Jersey Joint Tortfeasors Contribution Law, N.J.S.A. § 2A:53-1, as the statute is based upon tort law." (Plaintiff's Brief 5.) Accordingly, Count III is dismissed.

Travelers Ins. Co., 493 F.2d at 886.

The USPS has also argued that Windmere's indemnification claims, Count II (Implied Indemnity and Count IV (Indemnity), are premature because an indemnification claim does not accrue until the underlying liability is fixed. (Defendant's Brief 12)(citing Bd. of Ed. v. Utica Mut. Ins. Co., 172 N.J. 300, 307 (2002)). In that regard, Windmere's arguments in opposition that the claims it is asserting are not based on hypothetical facts and are ripe for review are persuasive. Also, New Jersey's entire controversy doctrine requires a party to assert in a single action all of its claims that are related to the underlying controversy, including most third-party claims for indemnification. See Harley Davidson Motor Co., Inc. v. Advance Die Casting, Inc., 150 N.J. 489, 502 (1997). As a consequence, the USPS's motion is denied as to Counts II and IV.

The USPS also argues for dismissal of Count I on the theory that Windmere will not be able to prove that it is liable for breach of contract based on a provision of the lease, which requires the USPS to keep the "premises in good repair and tenantable condition . . ." (Defendant's Brief 16, Ex. C. ¶ 8(a)). It claims that Windmere "has not stated a claim for breach of the Lease because it has not alleged or shown that the Postal Service acted unreasonably under the circumstances." (Defendant's Brief 16.) This argument has no merit: whether or not the USPS failed to keep the premises in "good repair and tenantable condition" is a question of fact that cannot be resolved on this motion to dismiss.

## V. Conclusion

For the foregoing reasons, the defendant's motion to dismiss is granted as to Count III and denied as to Counts I, II and IV. An appropriate order follows.

Dated: August 30, 2007 /s/ Katharine S. Hayden
KATHARINE S. HAYDEN
United States District Judge